IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRALL DEVELOPERS, INC. | : | |
| | : | |
| v. | : | CIVIL NO. CCB-07-2731 |
| | : | |
| BOARD OF COUNTY COMMISSIONERS | : | |
| FOR FREDERICK COUNTY | : | |

. . . . oo0oo . . . .

## MEMORANDUM

Now pending is Frall's motion for reconsideration of the court's August 12, 2009, opinion granting summary judgment in favor of the Frederick County Commissioners on all remaining claims in Frall's complaint.[1] The issues have been fully briefed and no oral argument is necessary. For the reasons stated below, the motion will be denied as to the substantive due process issue and granted in part as to the declaratory judgment issue.

Frall's motion is brought under Fed. R. Civ. P. 59(e), which permits reconsideration of an adverse judgment when necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial [or summary judgment]; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). As to the substantive due process issue, Frall has shown no intervening change in controlling law, no new evidence not available at the time summary judgment was briefed, and no clear error of law or manifest injustice. Essentially, Frall seeks to have the court change its mind, which is not the function of a Rule 59(e) motion.

As to the dismissal of the declaratory judgment claim, however, Frall has presented a new County ordinance extending preliminary plan approvals for three years. Ordinance No. 09-233-

---

[1] Several claims were dismissed in an opinion issued September 30, 2008.

1

527.  While the ordinance apparently became effective 17 days before the September 2009 judgment in this case, Frall did not have sufficient opportunity to bring it to the court's attention and it was not considered.  The new ordinance does not affect the analysis of the 42 U.S.C. § 1983 federal due process issue, but it may affect analysis of Frall's state or county statutory rights.  Considering the new ordinance, and the County's statements in its opposition to the present motion acknowledging that the Board did not void or overturn the preliminary plan approval, it may be that  declaratory relief as to the expiration or continued viability of the preliminary plat approval would be warranted.

Count one, however, is a state law claim brought under the court's supplemental jurisdiction.  See Md. Code. Ann., Cts. & Jud. Proc. § 3-406; 28 U.S.C. § 1367.  Because it raises a complex question of local land use law only, and because all the federal claims have been resolved, this court will decline to exercise jurisdiction over Count One. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 196 (4th Cir. 2002) (noting that "[o]rdinarily, when 'the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed [without prejudice] as well'") (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966)); *Kendall v. City of Chesapeake, VA*, 174 F.3d 437, 444 (4th Cir. 1999) (holding that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over state law claims following the dismissal of claim arising under § 1983). The dismissal of Count One, however, is without prejudice to any state action for declaratory judgment Frall may choose to bring.  See 28 U.S.C. § 1367(c) and (d).

A separate Order follows.

February 22, 2010             /s/
Date             Catherine C. Blake
            United States District Judge